UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ROBERTO ANTONIO MENDOZA,

    Petitioner,

vs.

S. FRAUENHEIM,

    Respondent.

No. C 15-0849 NJV (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here.  *See* 28 U.S.C. § 2241(d).  Petitioner has also paid the filing fee and consented to the jurisdiction of a Magistrate Judge.

## BACKGROUND

A jury convicted petitioner of seven counts of sexual acts with a child ten years of age or younger and five counts of lewd acts with a child under the age of fourteen.  He was sentenced to 104 year to life in prison.  Petitioner states that his petition to the California Supreme Court was denied.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) there was insufficient evidence to support the multiple findings of sexual act with a child (§ 288.7); (2) there were improper jury instructions; (3) the trial court improperly admitted hearsay statements; (4) there was improper admission of uncharged misconduct; (5) there was insufficient evidence of a lewd act presented at the preliminary hearing for one of the convictions that petitioner was not properly put on notice in violation of due process; (6) he was improperly sentenced; and (7) trial counsel was ineffective if any claims were forfeited due to counsel's actions. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto and a Magistrate Judge jurisdiction consent form on respondent and respondent's attorney, the Attorney General of the State of California.

2. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: March 16, 2015.

NANDOR J. VADAS
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ROBERTO ANTONIO MENDOZA,

    Petitioner,

v.

S. FRAUENHEIM,

    Respondent.

                                    /

No. 1:15-CV-0849 NJV

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that on March 16, 2015, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person listed below, by depositing said envelope in the U.S. Mail.

Roberto Antonio Mendoza
CDCR # AH-2211
Pleasant Valley State Prison
A3-215
P.O. Box 8500
Coalinga, CA 93210

*Linn Van Meter*

Dated: March 16, 2015

Linn Van Meter
Administrative Law Clerk to the
Honorable Nandor J. Vadas

4