UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERTO ANTONIO MENDOZA,

    Petitioner,

v.

S. FRAUENHEIM,

    Respondent.

Case No. 15-cv-00849-VC  (PE)

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE SUPPLEMENTAL PETITION, REQUESTING CLARIFICATION FROM PETITIONER RE: EXHAUSTION AND VACATING BRIEFING SCHEDULE**

Re: Dkt. No. 11

Petitioner Roberto Antonio Mendoza, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 16, 2015, the Court issued an order for Respondent to show cause why the petition should not be granted. Respondent's answer is due by July 10, 2015. On June 12, 2015, Mendoza filed a motion for leave to file a supplemental petition. Dkt. No. 11. For the reasons discussed below, this motion is denied without prejudice, Petitioner is directed to provide clarification regarding the exhaustion of his new claims, and the briefing schedule on the petition is vacated.

In his motion, Mendoza indicates that he is seeking to make "only technical changes from errors in the initial federal pleading and to include five additional claims." The motion appears to list ten, not five, additional claims. Mendoza argues that his "technical" changes will not prejudice Respondent. However, the inclusion of ten, or even five, additional claims is a substantial change which will prejudice Respondent. Not only would Respondent have to address many new claims at this late date, he would be unable to do so by the July 10, 2015 deadline.

On the other hand, if Petitioner has additional meritorious claims, he is justified in requesting to add them to his petition because, under the Antiterrorism and Effective Death Penalty Act, successive petitions are discouraged. *See* 28 U.S.C. § 2244(b)(3)(A)  (to file a

successive petition, petitioner must obtain an order from the Court of Appeals authorizing district court to consider it).

However, before the Court grants the request to amend the petition, Petitioner must show that the additional claims are exhausted. From the state court petition Mendoza submits with his original petition, they do not appear to be exhausted.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). To comply with the fair presentation requirement, a claim must be raised at every level of appellate review; raising a claim for the first time on discretionary review to the state's highest court is insufficient. *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004). In order to appropriately exhaust his factual allegations in state court, a petitioner must present a "thorough description of the operative facts before the highest state court." *Kelly v. Small*, 315 F.3d 1063, 1069 (9th Cir. 2002), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). Even though nonexhaustion is an affirmative defense, the petitioner bears the burden of proof that state judicial remedies were properly exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

If Mendoza's additional claims are not exhausted, he may elect either to proceed with only his exhausted claims or to exhaust the unexhausted claims before having this Court consider all his claims. Accordingly, Mendoza must choose whether he wants to:

(1) withdraw his request to amend his petition with unexhausted claims and proceed with only the exhausted claims in his petition, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in state court.

Mendoza is cautioned that each option has risks. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). Under option (3), his federal case will be administratively closed while he is diligently seeking relief in state court. If he chooses option (3), he must file a motion in this Court to obtain a stay and, if the motion is granted, must act diligently to file a petition with his unexhausted claims in the state courts, obtain a decision from the state courts on his unexhausted claims, and then file a motion to reopen his case and proceed with his petition in this Court.

A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Rhines v. Weber,* 544 U.S. 269, 277-78 (2005).

An alternate stay procedure exists for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it may present statute of limitations problems for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly*, 315 F.3d at 1070-71, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims

3

to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

Any stay must be limited in time to avoid indefinite delay. *Rhines*, 544 U.S. at 277-78. Reasonable time limits would be 30 days to get to state court, as long as necessary for the state courts to adjudicate the claims, and 30 days to get back to federal court (if necessary) after the final ruling on the claims by the state courts. *Id.* at 278; *Kelly*, 315 F.3d at 1071. If Mendoza moves for a stay, he must show that he satisfies the *Rhines* criteria or must comply with the *King/Kelly* requirements.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Within twenty-eight days from the date of this order, Mendoza must file a declaration indicating whether the new claims he wishes to add in an amended petition are exhausted. If they are exhausted, he may file an amended petition including all of his exhausted claims. If they are unexhausted, he must clarify how he wishes to proceed with his unexhausted claims. If he chooses option three, he must concurrently file a motion for a stay of this action while he exhausts his unexhausted claims in state court.

2. If Mendoza does not respond within twenty-eight days, the Court will assume he chooses option 1, to withdraw his motion for leave to amend and to proceed with his original petition.

3. The briefing schedule for Respondent's answer is vacated. A new briefing schedule will be issued when Mendoza clarifies how he wishes to proceed.

4

4. This Order terminates docket number 11.

**IT IS SO ORDERED**.

Dated: July 6, 2015

_____
VINCE CHHABRIA
United States District Judge

5

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ANTONIO MENDOZA,<br>    Plaintiff,<br>    v.<br>S. FRAUENHEIM,<br>    Defendant. | Case No. 15-cv-00849-VC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 6, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roberto Antonio Mendoza ID: CDCR # AH-2211
Pleasant Valley State Prison
A3-215
P.O. Box 8500
Coalinga, CA 93210

Dated: July 6, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA

6