1

2

3

4              UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7

8

9   ROBERTO ANTONIO MENDOZA,              Case No.  15-cv-00849-VC (PR)

            Petitioner,
10                                          **ORDER DENYING MOTION FOR**
       v.                                   **STAY; REINSTATING BRIEFING**
11                                          **SCHEDULE**
    S. FRAUENHEIM,
12                                          Re: Dkt. No. 13
            Respondent.
13

14

15        Petitioner Roberto Antonio Mendoza, a state prisoner, filed a *pro se* petition for a writ of

16   habeas corpus and subsequently filed a motion for leave to file a supplemental petition with ten

17   additional claims.  On July 6, 2015, the Court issued an order denying the motion without

18   prejudice and requesting clarification from Mendoza about whether his supplemental claims were

19   exhausted and, if not, to indicate how he wished to proceed with his petition.  If the claims were

20   not exhausted, the Court allowed Mendoza to choose one of three options: (1) withdraw the

21   request to amend the petition and proceed only with the original unexhausted claims; (2) dismiss

22   the petition and return to state court to exhaust all claims before filing a new federal petition with

23   all claims; or (3) file a motion for a stay of the petition pursuant to *Rhines v. Weber*, 544 U.S. 269

24   (2005) or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), while he exhausts unexhausted claims in

25   state court.  The Court explained the requirements for a stay under *Rhines* and *Kelly* and informed

26   Mendoza that, if he moved for a stay, he must show that he satisfies the requirements.

27        On July 31, 2015, Mendoza filed a motion indicating that his new claims are unexhausted

28   and that he seeks to stay the petition under *Rhines*.  He also included, as an attachment, his motion

*United States District Court*
*Northern District of California*

for leave to file a supplemental petition to include his unexhausted claims.  As explained in the previous order, under *Rhines*, a motion to stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner.  *Rhines*, 544 U.S. at 277-78.  "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."  *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005), Mendoza argues that a petitioner's confusion about whether his federal petition would be timely is good cause for failing to exhaust claims first in state court.  *Pace* addressed whether a state habeas petition was properly filed for purposes of statutory tolling when it was rejected by the state court as untimely; it said nothing about the standard for showing good cause for a stay under *Rhines*.  *Id.* at 410.  The other cases Mendoza cites—*Olivera v. Giurbino*, 371 F.3d 569, (9th Cir. 2004); *Ford v. Hubbard*, 330 F.3d 1086 (9th Cir. 2003); and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003)—were decided before *Rhines* and refer to a stay under *Kelly v. Small*, which does not require a showing of good cause.

In any event, Mendoza fails to indicate that he personally was confused about the timing of filing his federal petition and fails to provide any other reasonable excuse, supported by evidence, to justify his failure to exhaust.  Furthermore, Mendoza merely lists, without description, his unexhausted claims; therefore, it is not possible to assess the merits of these claims, which is required before a stay may be granted under *Rhines*.

Because Mendoza does not qualify for a stay under *Rhines*, and he does not move for a stay under *Kelly*, his motion for a stay and his motion for leave to file a supplemental petition are denied.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Mendoza's motions for a stay and for leave to file a supplemental petition are denied.

2. The briefing schedule on Mendoza's petition, which was vacated during the pendency of

United States District Court
Northern District of California

his motions, is reinstated. The respondent's answer, which was due on July 10, 2015, is now due two weeks from the date of this order. Mendoza's traverse is due thirty days thereafter.

3. This order terminates docket number 13.

**IT IS SO ORDERED**.

Dated: August 13, 2015

_____
VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERTO ANTONIO MENDOZA,

        Plaintiff,

    v.

S. FRAUENHEIM,

        Defendant.

Case No.  15-cv-00849-VC

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on August 13, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roberto Antonio Mendoza ID: AH-2211
Pleasant Valley State Prison A3-202
P.O. Box 8500
Coalinga, CA 93210


Dated: August 13, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA

4